972 F.2d 349
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles R. CANTRELL, Defendant-Appellant.
 No. 91-6192.
 United States Court of Appeals, Sixth Circuit.
 June 27, 1992.
 
 Before KEITH and RYAN, Circuit Judges, and WEBER, District Judge.*
 PER CURIAM:
 
 
 1
 Defendant Charles R. Cantrell ("Cantrell") appeals his sentence of incarceration in this action. Following his plea of guilty, Cantrell was sentenced to 12 months of incarceration pursuant to the sentencing guidelines range of 12-18 months for the applicable offense level. Cantrell contends that the district court erred in failing to grant his motion for a downward departure from the sentencing guidelines. For the reasons stated below, we AFFIRM.
 
 A.
 
 2
 In May 1991, Cantrell was charged for embezzling a labor organization in violation of 29 U.S.C. § 501(c). According to the indictment, from about January 1, 1986, through November 29, 1988, Cantrell embezzled approximately $51,000 from the International Association of Bridge, Structural and Ornamental Iron Workers, Local Union No. 769 (the "Union") while serving as Financial Secretary-Treasurer of the Union. Cantrell was initially arraigned on May 13, 1991, at which time he pled not guilty to the indictment. On July 1, 1991, Cantrell moved for rearraignment and, shortly thereafter, pled guilty to the indictment. On September 27, 1991, the district court sentenced Cantrell to a 12-month term of imprisonment and two years of supervised release. The district court found that Cantrell had paid restitution in full and thus did not order the payment of restitution or a fine.
 
 
 3
 During sentencing, Cantrell motioned the district court for a downward departure from the sentencing guidelines based on several factors. First, Cantrell pointed out that he had paid restitution in full before he was indicted and without a court order. In addition, as noted by the district court, Cantrell had no prior criminal history, he had a history of employment and he was "a valued member of the community." Notwithstanding these factors, the district court did not grant Cantrell's motion for a downward departure. Cantrell contends that the district court erred in failing to recognize its authority to do so.
 
 B.
 
 4
 A district court's refusal to grant a downward departure from the sentencing guidelines is generally not appealable. United States v. Pickett, 941 F.2d 411, 417 (6th Cir.1991). This Court has held, however, that where the district court "incorrectly believed that it could not consider [a] defendant's mitigating circumstances and exercise discretion to depart from the guidelines," the case should be remanded with instructions to the district court that it does have such discretion. United States v. Davis, 919 F.2d 1181, 1187 (6th Cir.1990). Cantrell contends that his sentence should be vacated and the case remanded because the district court refused to grant a downward departure based on its erroneous belief that it lacked discretion to do so. The government counters that the district court in this case did not misunderstand its discretion to depart from the sentencing guidelines, but merely recognized that, under the facts of this case, a downward departure was not warranted.
 
 
 5
 It is well established that "a district court may only depart from the guidelines if it 'finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.' 18 U.S.C. § 3553(b)." U.S. v. Diaz-Villafane, 874 F.2d 43, 49 (1st Cir.), cert. denied, 493 U.S. 862 (1989). Essentially, the district court must determine whether "the case is sufficiently 'unusual' to warrant departure." Id.
 
 
 6
 We believe that the district court's refusal to depart from the guidelines in this case was based on its assessment of the facts in this case; facts which, we agree, were not "sufficiently unusual" to warrant departure from the guidelines. This is not a case in which the district court incorrectly believed that it could not consider mitigating circumstances to exercise discretion to depart from the guidelines. Rather, the district court recognized that the instant case was not one for which departure was appropriate.
 
 
 7
 The district court stated that "Mr. Cantrell is not the usual defendant, criminal defendant, that I see from day-to-day, and that's what makes these cases most difficult.... Take one of these cases where a valuable member of society comes in and I have to give a year or two, and it is a hard, hard thing to do." The district court pointed to Cantrell's lack of a criminal record and the fact that Cantrell had already made restitution. The court then stated that "[i]f this were a case preguidelines, I will tell you this, and for the record, Mr. Cantrell would be probated, no question about it." The court went on to conclude that:
 
 
 8
 [T]he Congress in passing these sentencing guidelines took most of the discretion, if not all of the discretion, away from the sentencing judge. They just took it away.... In this kind of a case, I don't believe I can sentence below the guidelines and make it stand up.
 
 
 9
 Although, I am telling you now, but for those guidelines Mr. Cantrell would be a good candidate for probation.
 
 
 10
 But the way I view the--after my research, the guidelines are 12 to 18 months.... I feel like my hands are tied regrettably.
 
 
 11
 The district court recognized that the sentencing guidelines limit a court's discretion to depart from the guidelines under circumstances that may have previously justified a lessened sentence. Circumstances such as community involvement and support, employment history and payment of restitution have been taken into consideration in establishing the sentencing guidelines. See U.S. v. Brewer, 899 F.2d 503 (6th Cir.), cert. denied, 111 S.Ct. 127 (1990). Thus, unless the circumstances of this case are "sufficiently unusual" as compared with most cases, then a departure is not warranted. The district court recognized that this case was not so unusual that a departure from the sentencing guidelines was warranted. We believe that this conclusion was adequately supported by the record.
 
 
 12
 For these reasons, we AFFIRM the sentence by the Honorable Henry R. Wilhoit, Jr., United States District Judge for the Eastern District of Kentucky.
 
 
 
 *
 The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation