983 F.2d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Luis ALVAREZ, Defendant-Appellant.
 No. 92-5239.
 United States Court of Appeals, Sixth Circuit.
 Dec. 22, 1992.
 
 Before KENNEDY, BOYCE F. MARTIN, Jr. and SUHREHEINRICH, Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendant Luis Alvarez appeals the sentence imposed pursuant to his plea of guilty to Count Two of the Indictment, charging him with drug conspiracy in violation of 21 U.S.C. §§ 841(a)(1) and 846. On appeal, defendant argues that the District Court erred in refusing to depart downward because defense counsel's refusal to adequately represent defendant warranted such departure. For the following reasons, we AFFIRM the sentence imposed by the District Court.
 
 I.
 
 2
 In October of 1990, agents of the United States Customs Service and the Drug Enforcement Administration initiated a joint investigation into the drug smuggling activities of a Columbian drug trafficking organization which had members within the United States. Customs Agent Alex Blas, acting undercover, posed as a smuggler who was willing to transport cocaine, supplied by this organization, from Central and South America into the United States. In November of 1990, the Organization delivered one-hundred and eighty (180) kilograms of high grade cocaine to Agent Blas, which he then transported from Panama to Nashville, Tennessee. In early January, 1991, Agent Blas was contacted by the defendant[1] who identified himself as the Columbian's (domestic) contact and the one who would be taking delivery of, and paying for, the cocaine. On January 18, 1991, the defendant met Agent Blas near Nashville, paid him $149,000 in cash, and accepted delivery of the cocaine. Immediately after the exchange, the defendant was arrested.
 
 
 3
 Federal agents explained to the defendant that if he wished to cooperate and possibly help reduce his sentence, time was of the essence. The defendant was initially cooperative with the agents, giving them information regarding his accomplices and even attempting to contact some of them by telephone. Thereafter, the defendant contacted a lawyer, Mike DeGuerin. Following this call, the defendant ceased cooperating. Defendant testified at the sentencing hearing that he told his lawyer he wanted to cooperate with the agents, but that Mr. DeGuerin told him he would not represent anyone who testified for the government.[2]
 
 
 4
 On January 23, 1991, the defendant was charged with one count of conspiring with others to import five kilograms or more of cocaine into the United States, in violation of 21 U.S.C. §§ 952 and 963; one count of conspiring with others to unlawfully distribute, or possess with intent to distribute, five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and, one count of unlawful possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1). On May 20, 1991, defendant entered a guilty plea to Count Two. At the plea hearing, defendant testified, in response to the judge's questions, that Paul Nugent and Mr. DeGuerin had done a good job for him; that they had not done anything the defendant did not want them to do; and, that he did not have any dissatisfaction with his attorneys. Joint App. at 21; Appellant's brief at 11.
 
 
 5
 On September 24, 1991, after several sentencing postponements, Lionel Barrett, a Nashville lawyer, was substituted as counsel of record for the defendant. Mr. Barrett represented defendant at the sentencing hearing where the defendant argued that his previous lawyer, Mr. DeGuerin, had prevented him from cooperating with the government, and, as a result, prevented him from obtaining a substantial assistance motion under U.S.S.G. § 5K1.1.[3] In response to this claim of malfeasance on the part of Mr. DeGuerin, the government offered the defendant an opportunity to withdraw his guilty plea. This offer was declined. Instead, the defendant argued that in light of Mr. DeGuerin's alleged misconduct, he was entitled to a downward departure from his Guidelines sentencing range.
 
 
 6
 The District Court heard testimony on this issue, and determined that no downward departure was warranted. Based upon defendant's plea of guilty to conspiracy with intent to distribute cocaine, the District Court determined the sentencing range under the Guidelines to be 188 to 235 months imprisonment. The judge then imposed sentence at the bottom of this range, i.e., 188 months.
 
 II.
 
 7
 Defendant argues that the District Court failed to depart downward from the Guidelines when it was required to do so. Defendant contends that the statute that requires district courts to apply the Guidelines, 18 U.S.C. § 3553(b), requires the district court to depart downward from the sentence range contained in the Guidelines when "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration" by the Sentencing Commission. Defendant then argues that the Sentencing Commission did not properly consider the case where a defendant may be inadequately and unfaithfully represented by his attorney but is not benefited by withdrawal of plea or a new trial, and that this scenario mandates a downward departure in this case. Under the approach approved in United States v. Pickett, 941 F.2d 411 (6th Cir.1991), defendant's argument must fail.
 
 A.
 
 8
 First, a court is never required to depart downward by section 3553(b). Id. 941 F.2d at 417. This provision authorizes departure only when "the court finds " that aggravating or mitigating circumstances "should result" in a different sentence. Id. (citing 18 U.S.C. § 3553(b)) (emphasis added). This has been assumed by the Sentencing Commission and this Court to grant discretion to the District Court to depart from the Guidelines in unusual cases. Id. Therefore, defendant's contention that "the failure to make a downward departure is not entirely discretionary but under the facts of this case presents a situation where the statute obligates the Court to depart," Appellant's Brief at 17, is incorrect. The District Court was not required to depart from the Guidelines even if defendant's legal premise for departure were correct. Id. 941 F.2d at 417.
 
 B.
 
 9
 Second, "[a]n appeal of a district court's failure to downwardly depart from the Guidelines is limited." United States v. Smith, 918 F.2d 664, 667 (6th Cir.1990), cert. denied, 111 S.Ct. 1088 (1991). In United States v. Draper, 888 F.2d 1100, 1105 (6th Cir.1989), this Court held that:
 
 
 10
 [a] sentence which is within the Guidelines, and otherwise valid ... is not appealable on the grounds that the sentencing judge failed to depart from the Guidelines on account of certain factors which the defendant feels were not considered by the Guidelines and should reduce his sentence.
 
 
 11
 Similarly, in United States v. Meyers, 952 F.2d 914 (6th Cir.), cert. denied, 112 S.Ct. 1695 (1992), this Court reiterated that:
 
 
 12
 the failure to depart downward is not directly cognizable on appeal under 18 U.S.C. § 3742(a) if (1) the district court properly computed the guideline range, (2) the district court was not unaware of its discretion to depart downward from the guideline range, and (3) the district court did not impose the sentence in violation of law or as a result of the incorrect application of the Sentencing Guidelines.
 
 
 13
 Id. at 920 (citing United States v. Davis, 919 F.2d 1181, 1187 (6th Cir.1990)); see also Pickett, 941 F.2d at 417 ("a district court's refusal to depart downward from a sentence within the properly computed guideline range is not appealable") (citations omitted). Defendant's 188-month sentence is within the properly computed guideline range. In addition, Judge Higgins was provided with the defendant's Notice of Basis for Downward Departure and the government's response, thus ensuring his awareness of his discretion to depart downward. The District Court also heard defendant's arguments that he wanted to cooperate but was prevented from doing so by an attorney who told him not to cooperate, who said he could never represent an informant, and who allegedly allowed his own philosophy to interfere with his obligation to allow his client to cooperate. After hearing these arguments, the District Court chose not to depart downward. Furthermore, the District Court did not impose the sentence in violation of law or as a result of an incorrect application of the Guidelines. The district judge made a conscious effort to sentence the defendant at the lowest end of the Guideline range based upon the defendant's initial efforts at cooperating with the government.[4] Thus, upon review of the record, we find that the District Court properly computed Alverez' guideline range; was aware of its discretion to depart downward; declined to do so; and otherwise correctly applied the Sentencing Guidelines. Consequently, the decision by the District Court to refuse the downward departure requested by Alvarez is not cognizable on appeal. United States v. Chalkias, Nos. 91-3528/3773/3783, slip. op. at 21 (6th Cir. July 30, 1992), petition for cert. filed Sept. 2, 1992.
 
 C.
 
 14
 Third, even assuming arguendo that this issue is appealable, the District Court's failure to depart from the Guidelines did not constitute an abuse of discretion. Draper, 888 F.2d at 1105. The alleged inadequate representation was not a sufficiently unusual circumstance to justify a downward departure under the facts found by the District Court. Pickett, 941 F.2d at 418. At the end of the sentencing hearing, the District Court found as follows:
 
 
 15
 Now Mr. Alvarez suggests to the court that his failure to continue the course of cooperation was frustrated by his own attorney, and he lays off on this attorney rather heavily. However, under oath, standing right here and looking me straight in the eye ... he told me he had no complaints or faults to find with the representation of his attorney, and this was an attorney of choice, and the one that he had previously employed or been employed on his behalf.... And he stood right here in this courtroom and told me under oath that he was satisfied with the lawyer's services, thought he had done a good job, ... and he had no complaints or faults to make with the way he represented him.... He was afraid to speak up for fear that he would have to come to court without a lawyer.
 
 
 16
 Well, [the government] rightfully puts the skids on that argument by reminding Mr. Alvarez that at his first appearance before a federal judicial officer he was advised that if he couldn't afford counsel he would be provided counsel by the court.
 
 
 17
 Joint App. at 85-86. In addition, defendant testified at the sentencing hearing that he knew Mr. DeGuerin had a relationship with the defendant's co-conspirators in Columbia; he knew Mr. DeGuerin was being paid by these co-conspirators; he knew if he cooperated he would be implicating these co-conspirators; and yet he personally contacted Mr. DeGuerin to arrange for this legal representation. Therefore, the District Court did not abuse its discretion in failing to depart from the Guidelines based upon defendant's argument of inadequate counsel.
 
 
 18
 The defendant recognizes that he is not entitled to a downward departure under U.S.S.G. § 5K1.1. " 'The district court may consider a downward departure pursuant to § 5K1.1 only ' upon [the] motion of the government.' " Davis, 919 F.2d at 1187-88 (quoting United States v. Levy, 904 F.2d 1026, 1035 (6th Cir.1990)) (emphasis in original), and no such motion was made in this case. Therefore, the defendant has no legal, factual, or equitable grounds upon which to predicate his claim of entitlement to a downward departure.[5] The alleged attorney misconduct in no way mitigated the defendant's criminal conduct, and section 5K1.1, allowing for mitigation when the defendant assists law enforcement, does not apply. We find no error here, either in application of the Guidelines, or refusing to depart therefrom.
 
 III.
 
 19
 For the foregoing reasons, we AFFIRM the District Court.
 
 
 
 [1]
 At this time, defendant was going by the name El Loco. El Loco was later identified as the defendant Luis Alvarez
 
 
 [2]
 There is some question as to the reason for the defendant's subsequent failure to cooperate with the government. The defendant claims that Mr. DeGuerin told him he would not represent anyone who testified for the government. The government contends, however, that the lack of substantial cooperation from the defendant was due to fear for the safety of himself and his family
 
 
 [3]
 Section 5K1.1 provides that:
 Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.
 
 
 [4]
 It should also be pointed out that in recognition of the defendant's initial attempts to cooperate with the government, the government did not file an information pursuant to 21 U.S.C. § 851, which would have mandated a twenty (20) year sentence for the defendant
 
 
 [5]
 The defendant may have been entitled to other remedies (e.g., new trial) if he was successful in pursuing a claim for ineffective assistance of counsel, but he is not entitled to a downward departure on the basis of this claim. In addition, defendant had an opportunity to withdraw his guilty plea and he declined