98 F.3d 1341
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Luis ALVAREZ, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-6063.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1996.
 
 1
 Before: SUHRHEINRICH and MOORE, Circuit Judges; MCKINLEY, District Judge.*
 
 ORDER
 
 2
 Luis Alvarez appeals a district court order denying his motion to vacate sentence filed under 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1991, Alvarez pleaded guilty to conspiring to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 and the district court sentenced Alvarez to 188 months of imprisonment. On appeal, this court affirmed his conviction and sentence. United States v. Alvarez, No. 92-5239, 1992 WL 393141 (6th Cir. Dec. 22, 1992).
 
 
 4
 In 1995, Alvarez filed a motion to vacate sentence, alleging that: 1) his conviction violated the Double Jeopardy Clause; 2) the district court improperly calculated the amount of cocaine attributable to him under the Sentencing Guidelines; and 3) the district court should have awarded him a four-level reduction in his guideline range for being a minimal participant in the criminal offense. The district court determined that Alvarez's claims were without merit and denied the motion. Alvarez has filed a timely appeal.
 
 
 5
 Upon review, we conclude that the district court properly denied Alvarez's § 2255 motion to vacate sentence. In order to obtain relief under § 2255 on the basis of nonconstitutional error, the record must reflect a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 512 U.S. 339, ----, 114 S.Ct. 2291, 2297 (1994). In order to obtain relief under § 2255 for constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect in determining the petitioner's guilty plea. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (per curiam).
 
 
 6
 We initially note that Alvarez is barred from seeking relief on his claims because he did not raise them in his direct criminal appeal. Claims that could have been but were not raised on direct appeal may not be reviewed under § 2255 unless Alvarez demonstrates cause and actual prejudice to excuse his failure to raise the claims previously. See United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). The failure to raise an issue at an earlier opportunity constitutes a waiver of the claim. See United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir.1984). Alvarez has not argued cause to excuse his failure to raise these claims in his direct criminal appeal nor is cause apparent from the record.
 
 
 7
 Further, Alvarez suffered no prejudice because his claims are without merit. While the Double Jeopardy Clause protects against multiple punishments for the same offense, Witte v. United States, 115 S.Ct. 2199, 2204 (1995), the prior civil forfeiture of Alvarez's tractor-trailer did not constitute punishment for purposes of the Double Jeopardy Clause. United States v. Ursery, 116 S.Ct. 2135, 2142-48 (1996). Consequently, Alvarez's subsequent conviction for conspiracy to distribute cocaine did not impose multiple punishments against him in violation of the Double Jeopardy Clause. Further, the district court properly calculated the amount of cocaine attributable to Alvarez for sentencing purposes. USSG § 1B1.3, comment. (n. 2). Lastly, Alvarez was not entitled to a four-level reduction in his guideline range for being a minimal participant. United States v. Ledezma, 26 F.3d 636, 646 (6th Cir.), cert. denied, 115 S.Ct. 349 (1994).
 
 
 8
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph H. McKinley, Jr., United States District Judge for the Western District of Kentucky, sitting by designation