991 F.2d 797
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul WOODWARD, Defendant-Appellant.
 No. 92-3494.
 United States Court of Appeals, Sixth Circuit.
 April 8, 1993.
 
 Before KEITH and NELSON, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendant-Appellant, Paul Woodard, appeals his sentence imposed pursuant to the United States Sentencing Guidelines, following his conviction for possession of cocaine base (commonly known as "crack"), in violation of 21 U.S.C. § 844(a). For the reasons stated below, we AFFIRM Woodard's sentence.
 
 I.
 
 2
 Woodard was named in Counts one and two of a five count indictment issued on November 6, 1991, by a Federal Grand Jury sitting in the Southern District of Ohio. The indictment charged Woodard and two others of conspiring to distribute and possess with the intent to distribute in excess of 50 grams of "crack" cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)(iii), respectively.
 
 
 3
 Woodard was tried by a jury on January 13 and 14, 1992, on Counts 1 and 2 of the indictment. The judge also instructed the jury on the lesser included offense under Count 2 of simple possession of more than 5 grams of "crack," a violation of 21 U.S.C. § 844(a). The jury found Woodard not guilty as to Count 1 and guilty as to the lesser included offense in Count 2.
 
 
 4
 The trial court calculated Woodard's base offense level at 32 under the Sentencing Guidelines and sentenced him to 121 months imprisonment, 3 years of supervised release, and a special assessment of $50.00. This timely appeal followed and is limited to the issue of whether the district court erred in its application of the Sentencing Guidelines.
 
 II.
 
 5
 Woodard argues that the application of § 2D2.1(b)(1) of the Sentencing Guidelines to his case is a violation of his Fifth Amendment right to due process because it requires that he be sentenced for possession with intent to distribute more than 50 grams of "crack," a crime for which he was found not guilty.
 
 
 6
 Woodard was convicted of possessing more than 50 grams of "crack," in violation of 21 U.S.C. § 844(a), which makes possession of more than 5 grams of "crack" a crime. That statute provides in relevant part as follows:
 
 
 7
 Notwithstanding the preceding sentence, a person convicted under this subsection for the possession of a mixture or substance which contains cocaine base shall be imprisoned not less than 5 years and not more than 20 years ... if the conviction is a first conviction under this subsection and the amount of the mixture or substance exceeds 5 grams....
 
 
 8
 21 U.S.C. § 844(a). The court accordingly sentenced Woodard pursuant to § 2D2.1(b)(1) of the Guidelines, which governs unlawful possession. Section 2D2.1(b)(1) of the Guidelines states as follows:
 
 
 9
 If the defendant is convicted of possession of more than 5 grams of a mixture or substance containing cocaine base, apply § 2D1.1 (Unlawful Manufacturing, Importing, Exporting, or Trafficking) as if the defendant had been convicted of possession of that mixture or substance with intent to distribute.
 
 
 10
 U.S.S.G. § 2D2.1(b)(1). Applying Guideline § 2D1.1 as required, the court properly determined that Woodard's base offense level is 32, which applies to the possession with intent to distribute between 50 and 150 grams of "crack."
 
 
 11
 Under 21 U.S.C. § 844(a), Congress has imposed a more severe penalty for the possession of "crack" cocaine, based on its belief that "crack" is a particularly harmful drug. This Court has upheld enhanced penalties under the Guidelines for "crack" cocaine as rationally related to a legitimate government purpose. See United States v. Pickett, 941 F.2d 411, 418 (6th Cir.1991) (holding that there was a rational basis for distinguishing between "crack" and powder cocaine for sentencing purposes).
 
 
 12
 Woodard has failed to establish that his Fifth Amendment rights were violated by the district court's computation of his sentence. See United States v. Smith, 918 F.2d 664, 667 (6th Cir.1990), cert. denied, 111 U.S. 1088 (1991). He does not argue that his conviction was improper or that the quantity of crack cocaine he was charged with possessing was 5 grams or less. He merely challenges the district court's application of § 2D2.1(b)(1) to determine his total offense level. Contrary to Woodard's contention, § 2D2.1(b)(1) contains no "presumption" that Woodard was guilty of the offense of which he was acquitted; this section merely directs the use of the same offense level for two different crimes, which is something Congress clearly has power to do. Accordingly, we find no error in the district court's application of the Guidelines in sentencing Woodard to 121 months imprisonment.
 
 III.
 
 13
 For the foregoing reasons, we AFFIRM the sentence imposed by the Honorable Carl. B. Rubin, United States District Judge for the Southern District of Ohio in his April 23, 1992, order.