991 F.2d 797
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry Neal WILSON, Defendant-Appellant.
 No. 92-5144.
 United States Court of Appeals, Sixth Circuit.
 April 26, 1993.
 
 Before MARTIN, MILBURN and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant, Jerry Neal Wilson, appeals his conviction for being a felon in possession of a firearm under 18 U.S.C. § 922(g). He claims that his civil rights have been restored according to Tennessee law so that he cannot be convicted under that section. He also asserts error in the district court's use of trial testimony at sentencing, and asks for a new trial based upon his own reference, while on the stand, to a prior conviction. We affirm.
 
 
 2
 On November 12, 1991, a jury found defendant guilty on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The indictment charged that defendant had been convicted in a Tennessee court on November 20, 1979 of the felony of aggravated assault, and that on June 24, 1990, he possessed a Mossberg 16-gauge shotgun.
 
 
 3
 On appeal, defendant contends that under Tennessee law his civil rights have been restored, so that 18 U.S.C. § 921(a)(20)[1] prevented his conviction under § 922(g). However, defendant never presented this argument to the district court, either during trial or at sentencing. We generally refuse to consider issues raised for the first time on appeal. United States v. Pickett, 941 F.2d 411, 415 (6th Cir.1991). Defendant's is not an "exceptional case[ ]" or one in which adhering to this policy would produce a "plain miscarriage of justice." Id. Defendant is free to raise the issue of restoration of civil rights in a habeas corpus petition to the district court. Accordingly, we decline to entertain this argument.
 
 
 4
 Next, defendant challenges the district court's procedure at sentencing. The court sentenced defendant to fifty-one months' imprisonment and three years' supervised release. In making its sentencing determination, the court relied upon the testimony at trial, rather than considering additional evidence in a separate hearing.
 
 
 5
 The court concluded that, based upon the trial testimony, defendant possessed the shotgun while committing the crime of aggravated assault, so that U.S.S.G. § 2A2.2 ("aggravated assault") should apply. The evidence also established that the shotgun was discharged. Accordingly, the court increased defendant's offense level by five levels as directed by U.S.S.G. § 2A2.2(b)(2)(A).
 
 
 6
 Defendant objects to the district judge's use of trial testimony at sentencing, contending that it violated his Sixth Amendment right to confront the witnesses against him. However, this argument is precluded by our recent en banc decision in United States v. Silverman, 976 F.2d 1502, 1510 (6th Cir.1992), that the Confrontation Clause does not apply at sentencing. Moreover, the record discloses ample evidence to support the factual findings upon which the court based defendant's sentence. The sentencing argument therefore is without merit.
 
 
 7
 Finally, defendant requests a new trial because he contends that evidence of his 1990 guilty plea to state charges of aggravated assault (based upon the same events that gave rise to this prosecution) was improperly placed before the jury. Before trial, the district court granted a motion by the government to exclude evidence of this conviction. However, during cross-examination, the government asked defendant whether he had possessed a gun in 1990. Defendant replied, "I pled guilty to aggravated assault in 1990." In answer to a similar question about whether he had admitted his gun possession, defendant repeated this testimony. No objection was lodged to these exchanges.
 
 
 8
 We reject defendant's suggestion that this testimony was so prejudicial that it required a new trial. The government's attorney was careful to avoid asking about the conviction, but defendant volunteered the information anyway. In addition, the proof of defendant's guilt on the firearms charge was overwhelming. Under these circumstances, the brief references to defendant's 1990 conviction were not plain error warranting a new trial.
 
 
 9
 For these reasons, the judgment of conviction and sentence is affirmed.
 
 
 
 [1]
 That section provides an exception to prosecution under 18 U.S.C. § 922(g) for "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored...."