19 F.3d 20
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ivan COLVIN (93-5253); Laurence Davis (93-5254),
Defendants-Appellants.
 Nos. 93-5253, 93-5254.
 United States Court of Appeals, Sixth Circuit.
 March 3, 1994.
 
 Before: KEITH and NORRIS, Circuit Judges; ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Ivan Colvin and Laurence Davis appeal their convictions and sentences. Following a jury trial, they were convicted of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. Secs. 846, 841(a)(1), and other drug related crimes.
 
 I.
 
 2
 Colvin's contention that there was insufficient evidence to support his conviction is not well-taken, as our examination of the record convinces us that there was more than adequate evidence upon which a reasonable jury could rely to find him guilty beyond a reasonable doubt. United States v. Warner, 971 F.2d 1189, 1195 (6th Cir.1992) (citing Glasser v. United States, 315 U.S. 60, 80 (1942)). When taken as a whole, and viewed in a light favorable to the government, the evidence provided in the form of testimony and surveillance video tapes clearly shows that Colvin willingly participated in the conspiracy.
 
 II.
 
 3
 Both Colvin and Davis appeal the district court's refusal to depart downward at sentencing. The general rule is that a district court's refusal to depart downward from a sentence within the properly computed sentencing guideline range is not appealable. United States v. Pickett, 941 F.2d 411, 417-18 (6th Cir.1991). However, defendants contend that the sentencing court did not understand that the guidelines grant it the authority to depart where mitigating circumstances exist that were not adequately taken into consideration by the Sentencing Commission. 18 U.S.C. Sec. 3553(b). Indeed, defendants point to a statement by the court which, when read in isolation, would support their contention. However, when the sentencing transcript is read in its entirety, it is quite clear that the sentencing court understood the authority granted it under the guidelines, determined that the circumstances cited to it by defendants had been taken into consideration by the Sentencing Commission, and simply concluded that there was no basis upon which it should depart.
 
 III.
 
 4
 Davis raises three further issues. The first is easily disposed of, because he has failed to demonstrate that the district court abused its discretion in denying his motion for a continuance. See United States v. Moreno, 933 F.2d 362, 371 (6th Cir.) (citing United States v. Gallo, 763 F.2d 1504, 1523 (6th Cir.1985), cert. denied, 474 U.S. 1068 (1986)), cert. denied, 112 S.Ct. 265 (1991). No justification was proffered that would have warranted a continuance, and any prejudice that might have accrued to Davis' defense as a result of the denial was largely the product of his own indecision about whether he would testify for the government against his codefendants.
 
 
 5
 Davis next argues that his rights under the Confrontation Clause to the Sixth Amendment were violated when the district court permitted a government witness to relate a statement made in the presence of the witness by one of Davis' codefendants at the time they were arrested. According to the witness, the codefendant (Sylvester McNeil) said to Davis, "I told you they were dealing the police, I told you so.... I told you they were the police, I told you we shouldn't have to go to Kentucky to do this." Davis contends that this statement adversely affected him and violated the rule of Bruton v. United States, 391 U.S. 123 (1968). However, we need not decide whether the trial court erred in the respect claimed, because any error was rendered harmless in light of the overwhelming evidence of Davis' guilt. See Vincent v. Parke, 942 F.2d 989, 992 (6th Cir.1991). Manifestly, exclusion of the statement would not have changed the outcome of the trial.
 
 
 6
 Finally, Davis' contention that the district court erred in determining that his prior felony convictions were not "related cases" for purposes of the Sentencing Guidelines is unpersuasive. According to the commentary to U.S.S.G. Sec. 4A1.2(a)(2), prior sentences are not considered related if they were for offenses that were separated by intervening arrests. The district court had in its possession arrest evidence which indicated that the crimes were committed on different dates. Therefore, its determination that the crimes were unrelated is not clearly erroneous. See United States v. Markarian, 967 F.2d 1098, 1104 (6th Cir.1992), cert. denied, 113 S.Ct. 1344 (1993).
 
 IV.
 
 7
 For the foregoing reasons, we affirm the convictions and sentences of defendants in all respects.