21 F.3d 429
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Gregory JORDAN, Defendant-Appellant.
 No. 93-3837.
 United States Court of Appeals, Sixth Circuit.
 April 14, 1994.
 
 Before: KEITH, MARTIN, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellant--Defendant Gregory Jordan ("Jordan") appeals his sentence following his guilty plea to possession with intent to distribute crack cocaine, in violation of 21 U.S.C. Sec. 841(a)(1) and (b)(1)(A). For the reasons stated below, we AFFIRM.
 
 I.
 
 2
 During the summer 1992, Jordan purchased several automobiles and registered them in the names of third parties. Pursuant to a federal investigation, Internal Revenue Service ("IRS") Agents determined Jordan had no legitimate source of income. The IRS suspected money laundering violations and prepared a seizure warrant for a 1990 Cadillac.
 
 
 3
 After a magistrate judge signed the seizure warrant, officers seized the Cadillac located at 2506 Queen City Avenue in Cincinnati, Ohio. During the execution of the warrant, Jordan appeared, and after being questioned, denied ownership of the vehicle. Officers towed the vehicle to the federal office building in Cincinnati, and because the seizure occurred on a Saturday morning, stored the locked vehicle in the federal building's garage.
 
 
 4
 On Monday morning, officers inventoried the locked vehicle pursuant to established IRS procedures. The inventory revealed documents indicating Jordan's use of the vehicle and a sock containing bags of crack cocaine. Based on the discovery of crack cocaine, officers applied for and received a warrant to search 2506 Queen City Avenue, the address where they believed Jordan resided. After searching the Queen City Avenue address, officers recovered an additional 42.52 grams of crack cocaine and a photograph of Jordan beside the seized 1990 Cadillac.
 
 
 5
 In September 1992, officers arrested Jordan. Later, the grand jury for the Southern District of Ohio issued a seven count indictment against Jordan charging him with: (1) five counts of conducting a financial transaction with proceeds from an unlawful activity, in violation of 18 U.S.C. Sec. 1956 and 18 U.S.C. Sec. 2; and (2) two counts of possessing cocaine with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1) and (b)(1)(A). Jordan moved to suppress the evidence recovered from the Cadillac. After a pretrial suppression hearing, the court denied the motion.
 
 
 6
 On the scheduled trial date, Jordan pled guilty to the charge of possession of more than 5 grams of cocaine with intent to distribute. In return, the government dismissed the remaining charges in the indictment. The court ordered a presentence report. Thereafter Jordan sought to withdraw his guilty plea. After an evidentiary hearing in May 1993, the court allowed Jordan to withdraw his guilty plea and reset the trial date.
 
 
 7
 During the time which elapsed between Jordan's guilty plea and subsequent withdrawal, the government discovered additional evidence indicating Jordan's involvement in an ongoing narcotics conspiracy in the Columbus, Ohio area. Before Jordan's original case went to trial, a federal grand jury returned a Superseding Indictment re-alleging the original charges against Jordan and added an additional conspiracy charge.
 
 
 8
 Trial was scheduled for July 1993. On the day of trial, Jordan again entered a guilty plea and signed his original plea agreement which resulted in a guilty plea to one charge of possession of cocaine with intent to distribute and the dismissal of the remaining charges. Because a presentence report had already been prepared after the first plea agreement, the district court sentenced Jordan the same day to the statutory minimum of 120 months imprisonment and eight years supervised release. This timely appeal followed.
 
 II.
 
 9
 On appeal, Jordan argues the district court erred by: (1) denying his motion to suppress evidence; and (2) sentencing him based on conduct related to the dismissed charges. We note that although Jordan's counsel zealously and articulately represented Jordan both on brief and at oral argument, each allegation of error must fail.
 
 A.
 
 10
 Jordan argues the district court erred by dismissing his motion to suppress the evidence found in the Cadillac because no probable cause existed for the issuance of a search warrant for the vehicle. For the reasons stated below, we conclude Jordan can not challenge the denial of his motion to suppress.
 
 
 11
 First, Jordan entered an unconditional guilty plea to a possession charge. Under Federal Rule of Criminal Procedure 11(a)(2), with the permission of the court and the government, a defendant may give a conditional guilty plea which reserves, in writing, the right on appeal to review an adverse determination of any pretrial motion. Fed.R.Crim.P. 11(a)(2); see also United States v. Pickett, 941 F.2d 411 (6th Cir.1991). Because Jordan did not enter a conditional guilty plea, he failed to preserve the right to appeal the denial of his motion to suppress.
 
 
 12
 Second, a defendant bears the burden of establishing he has standing to challenge a search or seizure in violation of the Fourth Amendment. Smith v. Maryland, 442 U.S. 735 (1979). The defendant must prove he manifested a subjective expectation of privacy in the object of the challenged search and that society recognizes his expectation is legitimate. California v. Ciraolo, 476 U.S. 207 (1986). Failure to prove an expectation of privacy is fatal to a Fourth Amendment claim. United States v. Maddox, 944 F.2d 1223 (6th Cir.1991). Jordan denied ownership of the vehicle, and therefore, manifested no expectation of privacy in the vehicle. Thus, even if Jordan had entered a conditional guilty plea, his challenge to the search of the Cadillac must fail because he lacks standing.
 
 B.
 
 13
 Next, Jordan argues the district court erred by considering conduct related to the dismissed counts during the sentencing hearing. Specifically, Jordan argues the district court should not have included amounts of drugs within the dismissed counts. We disagree.
 
 
 14
 First, this court determines a defendant's base offense level based on the amounts of drugs included in the defendant's relevant conduct, not just the amounts in the offense of conviction or charged in the indictment. United States v. Davern, 970 F.2d 1490, 1494 (6th Cir.1992) (en banc ), cert. denied, 113 S.Ct. 1289 (1993). Second, here, the district court determined Jordan's base offense level using conduct directly related to Jordan's guilty plea to possession with intent to distribute in excess of 5 grams of crack cocaine. The possession count arose from the search of the Queen City Avenue apartment which produced 42.52 grams of crack cocaine. This amount determined Jordan's base offense level.[1] Here, although the court could have used relevant conduct related to the dismissed counts of the Superseding Indictment, the court did not. Thus, Jordan's argument must fail.
 
 III.
 
 15
 For the reasons stated above, we AFFIRM Jordan's conviction and sentence imposed by the Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio.
 
 
 
 [1]
 The district court stated Jordan's criminal history was category IV, however, the presentence report states the appropriate criminal history is category III. Because Jordan had a prior conviction under 21 U.S.C. Sec. 841(a), the statutory minimum of 10 years for a violation of 21 U.S.C. Sec. 841(a)(1) was applicable. Thus, the error in the criminal history category did not affect Jordan's sentence which ultimately was the statutory minimum--120 months