59 F.3d 171
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
First Lancaster Federal Savings Bank, Plaintiff,
v.
REAL PROPERTY WITH BUILDINGS, APPURTENANCES, AND
IMPROVEMENTS, LOCATED AT 2190 McGEE LANE,
NICHOLASVILLE, JESSAMINE COUNTY,
KENTUCKY, in the Name of Danny
A. Murphy, Defendant,
Danny A. Murphy, Defendant-Appellant.
 No. 94-6568.
 United States Court of Appeals, Sixth Circuit.
 June 19, 1995.
 
 Before: LIVELY, NELSON and SILER, Circuit Judges.
 
 ORDER
 
 1
 Danny A. Murphy, a pro se Kentucky claimant, appeals the summary judgment for the government in part in this civil forfeiture action filed under 21 U.S.C. Sec. 881(a)(7). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 Following a jury trial in the district court in 1990, Murphy was convicted of possession with intent to distribute marijuana in violation of 21 U.S.C. Sec. 841(a)(1), and of use of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c)(1). Murphy was sentenced to 6 months and 360 months of imprisonment, respectively. However, this court vacated the possession with intent to distribute marijuana conviction and remanded the case to the district court. United States v. Murphy, No. 90-6400, 1993 WL 15102 (6th Cir. Jan. 26, 1993). Thereafter, the government dismissed that count of Murphy's indictment rather than reprosecute, and the district court resentenced Murphy to 60 months of imprisonment with respect to the firearm conviction.
 
 
 3
 The government had instituted this civil forfeiture proceeding seeking forfeiture of two tracts of real property owned by Murphy after an amended indictment against Murphy was issued which omitted a criminal forfeiture count included in the original indictment. Murphy filed a claim to the property by counsel, and the forfeiture proceedings were held in abeyance pending the outcome of the criminal charges. A home located on one of the tracts of land was destroyed by fire while the forfeiture was in abeyance, insurance proceeds subsequently were paid into court, and a mortgage on the property was satisfied. Following this court's decision in Murphy's direct criminal appeal, the parties filed cross-motions for summary judgment. The district court granted summary judgment for Murphy with respect to an unimproved tract of land, and granted summary judgment for the government with respect to the tract that had included Murphy's home.
 
 
 4
 On appeal, Murphy contends that: (1) forfeiture pursuant to 21 U.S.C. Sec. 881(a)(7) is inappropriate because the sentencing guideline range applicable to his drug trafficking offense was not more than one year of imprisonment; (2) the forfeiture is barred by double jeopardy; and (3) the forfeiture constitutes an excessive fine barred under the Eighth Amendment. Generally, this court reviews a district court grant of summary judgment in a forfeiture action de novo, viewing the facts in the light most favorable to the non-moving party. United States v. $5,000 in United States Currency, 40 F.3d 846, 848 (6th Cir. 1994). Upon consideration, we shall affirm the judgment for reasons different in part than those stated by the district court. See Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir. 1985).
 
 
 5
 The summary judgment for the government was proper. First, Murphy did not assert in the district court that forfeiture is inappropriate because the sentencing guideline range applicable to the drug trafficking offense fell below one year of imprisonment, and no circumstances exist warranting consideration of this claim on appeal in the first instance. See United States v. Pickett, 941 F.2d 411, 415 (6th Cir. 1991). The claim is without merit in any event, because the drug trafficking offense was punishable by imprisonment for up to five years. See 21 U.S.C. Sec. 841(b)(1)(D). Second, the doctrine of double jeopardy does not apply in this case because the reversal of Murphy's drug conviction on appeal does not bar a subsequent prosecution or punishment. See Ball v. United States, 163 U.S. 662, 672 (1896); 3 Joseph G. Cook, Constitutional Rights of the Accused Sec. 23:37-39 (2d ed. 1986). Finally, Murphy's claim that forfeiture constitutes an excessive fine clearly lacks merit for the reasons stated by the district court in its memorandum opinion filed September 29, 1994. See also United States v. Chandler, 36 F.3d 358, 364-65 (4th Cir. 1994), cert. denied, 115 S. Ct. 1792 (1995).
 
 
 6
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.