61 F.3d 904
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles CARTE, Defendant-Appellant.
 No. 94-4024.
 United States Court of Appeals, Sixth Circuit.
 July 11, 1995.
 
 Before: MARTIN and SILER, Circuit Judges; and JOINER, District Judge.*
 PER CURIAM.
 
 
 1
 Charles Carte appeals the sentence imposed by the district court following his guilty plea to possession of firearms by a convicted felon in violation of 18 U.S.C. Secs. 922(g)(1) and 924(a)(2). Claiming that the district court erred in applying the United States Sentencing Guidelines to its factual findings and in refusing to depart downward from the applicable sentencing range, Carte asks this Court to remand his case to the district court for resentencing.
 
 
 2
 On January 15, 1993, law enforcement officials executed a search warrant at Carte's Lakemore, Ohio residence. Authorities recovered nine firearms and a small quantity of cocaine in the bedroom Carte shared with his girlfriend, Mary Crihfield. According to Special Agent Charles Turner of the Bureau of Alcohol, Tobacco and Firearms, Carte told him that the cocaine belonged to the woman arrested with him but acknowledged that he had snorted some. Carte also claimed that the "muzzle-loading" weapons seized were his and that the other guns belonged to Crihfield. According to Special Agent Turner, however, Carte admitted that he had touched all of the firearms in the residence. Special Agent Abigail Dickson also testified that Carte told her that he had possessed the firearms and that he would disclose their origins after speaking with his attorney.
 
 
 3
 On February 17, 1993, a federal grand jury returned a three-count indictment against Carte. Counts One and Two charged him with possessing firearms by a convicted felon in violation of 18 U.S.C. Secs. 922(g)(1) and 924(a)(2). Count Three charged him with possessing cocaine in violation of 21 U.S.C. Sec. 844(a). On July 9, the district court held an evidentiary hearing on Carte's suppression motion and denied it in an order dated May 6. Trial was then scheduled for June 6, and a final pretrial hearing was set for May 26. On May 26, Carte pled guilty to Count One of the indictment, pursuant to a written plea agreement.
 
 
 4
 At his September 8 sentencing hearing, Carte presented several witnesses and testified on his own behalf. When Carte began to discuss his prior manslaughter conviction, the district court sustained the United States' objection, stating, "I do not believe it is appropriate to go back into the circumstances of an offense of violence which is involved in this case. For purposes of the record I will allow you to ask the questions and elicit the answers but I do not intend to take it into account because I do not believe it is appropriate." The court sustained a similar objection when one of Carte's witnesses testified about the manslaughter offense. Carte acknowledged that the nine firearms had been in his bedroom and admitted that he "probably handled some of them, you know, pushed them out of the way and stuff like that." However, he denied that he snorted cocaine or told anyone that he did. In addition, Frances Murski testified that the firearms belonged to the estate of her deceased parents and that she and Crihfield put them in Carte's house. Carte also introduced evidence of his work habits and reputation.
 
 
 5
 Although the plea agreement did not expressly allow Carte to request a three-level acceptance of responsibility reduction, the district court permitted Carte to argue that the three-level reduction was appropriate, over an objection by the United States. Recalling a prior conversation with Carte's attorney, the prosecutor stated, "I did tell him that our office would not authorize a three-level reduction for acceptance of responsibility in light of the fact that Mr. Carte had taken substantial steps towards trial... [T]his was not a defendant who had taken sufficient steps to avoid trial in sufficient time to be awarded the extra level of reduction." The court concluded that only a two-level reduction was warranted, in light of the timing of Carte's plea.
 
 
 6
 Recognizing that "the accessibility of the gun and the availability of it for use and the intentions of the parties are relevant factors" in determining whether to increase a defendant's base offense level for certain prohibited transactions involving firearms, the district court concluded that "the defendant possessed the guns in the house, at least jointly[.]" Thus, the district court increased Carte's base offense level by three levels under Section 2K2.1(b)(1)(C) of the Guidelines, on the ground that he possessed nine firearms.
 
 
 7
 Carte also requested a downward departure on several grounds. First, he argued that criminal history category II overstated his criminal record. The court did not agree, however. Carte also argued that the atypical circumstances of this case merited a downward departure. The court also denied that request. Although the court felt that it could not inquire into the facts underlying Carte's prior conviction, it stated that, in any event, there was "no evidence that would convince [it] that the involuntary manslaughter conviction was not a crime of violence." The district court sentenced Carte to a three-year, five-month term of imprisonment, to be followed by a three year period of supervised release. This appeal followed.
 
 
 8
 Alleging numerous errors, Carte claims that the district court failed to properly apply the sentencing guidelines to his offense. First, he contends that the district court erred in denying him an additional one-level reduction for acceptance of responsibility under Section 3E1.1(b) of the Guidelines. We disagree. Carte waited until ten days before his trial to enter his guilty plea. His delay in accepting responsibility compelled the United States to prepare its case for trial. See United States v. Bashara, 27 F.3d 1174, 1184 (6th Cir. 1994), cert. denied, 115 S. Ct. 909 (1995) (denying additional one-level acceptance of responsibility reduction where the defendant's delay forced the government to prepare for trial).
 
 
 9
 Carte also apparently asserts that the district court erred in increasing his base offense level by three levels under Section 2K1.2(b)(1)(C) of the Guidelines, based upon his possession of nine firearms. He contends that he constructively possessed only one of those guns: the one hidden under his mattress. Carte also argues that the three-level enhancement should have been offset by a four-level reduction for his minimal role in the offense, in view of the facts of the case. USSG Sec. 3B1.2(a). However, these arguments are without merit.
 
 
 10
 Further, Carte claims that the district court erred in refusing to depart downward from the applicable sentencing range. Emphasizing that he is not attempting to collaterally attack his prior conviction, but arguing that the district court should have considered the circumstances surrounding his prior criminal conviction in reaching its determination, Carte maintains that criminal history category II over-represents the seriousness of his criminal history and likelihood that he will commit future crimes. He also contends that the district court should have considered that information in assessing whether a downward departure was warranted for atypical circumstances. In addition, he argues that while Section 2K2.1(a)(4)(b) "linguistically applies," the court should have applied Section 2K2.1(a)(6), to arrive at a base offense level of fourteen rather than twenty. Finally, he maintains that the district court should have considered the fact that he has provided assistance to law enforcement officers in the past in determining the propriety of a downward departure.
 
 
 11
 However, a district court's failure to depart downward from a sentence within the properly computed guideline range is not appealable. United States v. Pickett, 941 F.2d 411, 417-18 (6th Cir. 1991). Thus, where, as here, the district court is aware of its discretion to depart from the applicable guideline range, and the sentence is neither imposed in violation of law nor as a result of an incorrect application of the guidelines, the court's decision to depart is not cognizable on appeal. United States v. Griffith, 17 F.3d 865, 882 (6th Cir.), cert. denied, 115 S. Ct. 149 (1994).
 
 
 12
 For the foregoing reasons, we AFFIRM the sentence imposed by the district court.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation