67 F.3d 300
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Andre SMITH, Defendant-Appellant.
 No. 95-1181.
 United States Court of Appeals, Sixth Circuit.
 Sept. 29, 1995.
 
 Before: BROWN, MARTIN, and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 This case raises the straightforward question, repeatedly decided by this court, of the constitutional validity of the portions of the United States Sentencing Guidelines that impose a longer sentence for convictions of distribution of a given amount of crack cocaine than for the same amount of powder cocaine. Being bound by previous decisions of this court, we hold the challenged guideline provisions constitutional, and affirm the judgment of the district court.
 
 
 2
 Andre Smith was convicted after a guilty plea on one count of distribution of cocaine base, in violation of 21 U.S.C. Sec. 841(a)(1), and sentenced to 115 months' imprisonment. Smith appeals, contending that the guideline provisions violate his right to due process of law, U.S. Const. amend. V, and his right to be free from cruel and unusual punishment, U.S. Const. amend. VIII. These claims have been squarely rejected by this circuit. United States v. Williams, 962 F.2d 1218 1227-28 (6th Circuit), cert. denied, 113 S.Ct. 264 (1992) (equal protection); United States v. Pickett, 941 F.2d 411, 418-19 (6th Cir.1991) (cruel and unusual punishment). Smith argues earnestly that the United States Sentencing Commission submitted a special report to Congress on the issue of sentencing disparity, dated February 28, 1995, and on May 1, 1995, submitted proposed amendments to equalize the punishment for the two types of cocaine. However, those Guidelines are not now in effect, if indeed they ever become so. As Judge Jones noted in his recent concurrence in United States v. Hill, No. 94-4051 (6th Cir. September 21, 1995), "even though the Sentencing Commission has adopted the position ... espoused before this court, both federal law and prior precedent will prevent the application of the amended guideline to [the defendant]." Slip op., concurrence at 4.
 
 
 3
 The judgment of the district court is AFFIRMED.