82 F.3d 419
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lorenzo WOODS, Defendant-Appellant.
 No. 95-6249.
 United States Court of Appeals, Sixth Circuit.
 April 5, 1996.
 
 1
 Before: NORRIS and SUHRHEINRICH, Circuit Judges, and WELLS, District Judge.*
 
 ORDER
 
 2
 Lorenzo Woods, a federal prisoner, appeals the sentence imposed following his guilty plea to one count of possessing with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), and one count of using or carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 On May 5, 1995, Woods pleaded guilty to the counts described above pursuant to a Rule 11 plea agreement. The district court sentenced Woods on August 25, 1995, to 147 months in prison and three years of supervised release. On appeal, Woods argues that the district court erred by failing to recognize its authority to depart downward based upon the current disparity in the sentencing scheme for powder and crack cocaine.
 
 
 4
 Upon review, we affirm the district court's judgment because there is no basis to appeal under 18 U.S.C. § 3742(e) and the record does not support a finding that the district court incorrectly believed that it lacked the discretion to consider Woods's suggested mitigating circumstances. See United States v. Landers, 39 F.3d 643, 649 (6th Cir.1994).
 
 
 5
 The precise issue raised by Woods was considered and rejected by this court in United States v. Pickett, 941 F.2d 411 (6th Cir.1991). Pickett, like Woods, was convicted and sentenced for dealing in crack cocaine. He argued on appeal that 18 U.S.C. § 3553(b) required the district court to depart downward if a mitigating circumstance not adequately taken into consideration by the Sentencing Commission was present, and that the true properties of crack and powder cocaine were not taken into consideration when the 100:1 ratio was formulated. Id. at 417. This court rejected his argument for three reasons: first, a court is never required to depart downward by § 3553(b); second, a district court's refusal to depart downward from a sentence within the properly computed guideline range is not appealable; and third, the 100:1 ratio is not a sufficiently unusual circumstance to justify a downward departure. Id. at 417-18.
 
 
 6
 Despite the clear holding of Pickett, Woods continues to press his case, relying on a recent report by the United States Sentencing Commission which recommended that Congress eliminate the 100:1 ratio and resulting disparity in sentences when crack as opposed to powder cocaine is involved. Unfortunately for Woods, Congress rejected this recommendation, thus reaffirming its intention to punish those convicted of trafficking in crack cocaine 100 times more severely than those convicted of trafficking in an identical weight of powder cocaine. Because this is a circumstance that was expressly taken into consideration by both the Sentencing Commission and by Congress, the district court was clearly correct in rejecting the sentencing disparity as a proper basis for departing downward in Woods's case.
 
 
 7
 Accordingly, the district court's judgment, entered on August 29, 1995, is affirmed.
 
 ENTERED BY ORDER OF THE COURT
 
 
 *
 The Honorable Lesley Brooks Wells, United States District Judge for the Northern District of Ohio, sitting by designation