107 F.3d 872
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Dwight SIZEMORE, Defendant-Appellant.
 No. 95-4284.
 United States Court of Appeals, Sixth Circuit.
 Feb. 25, 1997.
 
 Before: KENNEDY, NELSON, and VAN GRAAFEILAND, Circuit Judges.*
 PER CURIAM.
 
 
 1
 William Dwight Sizemore appeals from a judgment convicting him, following his guilty plea, of distributing cocaine in violation of 21 U.S.C. § 841(a)(1). Sizemore contends that the district court should have granted his motion to suppress evidence and that the district court abused its discretion in denying his counsel's motion to withdraw. Finding no merit in either argument, we affirm.
 
 
 2
 On December 23, 1994, Sizemore sold a small quantity of cocaine to a Government informant. Later that date, Government agents executed a search warrant on the premises where Sizemore resided and discovered large quantities of cocaine and marijuana. On April 19, 1995, a federal grand jury returned a two-count indictment charging Sizemore with distributing cocaine and possessing with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Sizemore moved to suppress the evidence seized by the agents, and an evidentiary hearing was commenced on August 1, 1995. The hearing never was completed. Against his attorney's advice, Sizemore entered into a plea agreement with the Government on August 2 and pled guilty to the first count of the indictment.
 
 
 3
 Sizemore does not contend that his plea was conditional pursuant to Fed.R.Crim.P. 11(a)(2), and the record clearly discloses that he was made aware of the fact that by pleading guilty he would waive his claim of unlawful search and seizure. See United States v. Jennings, 12 F.3d 836, 839 (8th Cir.1994); United States v. Pickett, 941 F.2d 411, 416-17 (6th Cir.1991). Indeed, the existence of such knowledge is confirmed by the vague and factually unsupported allegations of Sizemore's counsel in this Court that Sizemore's failure to follow counsel's advice not to plead guilty and to cooperate with the Government in response to Government solicitations warranted the granting of counsel's motion to withdraw.
 
 
 4
 We review a district court's ruling on a motion for substitution/withdrawal of counsel for abuse of discretion. See United States v. Jennings, 83 F.3d 145, 148 (6th Cir.), cert. denied, 117 S.Ct. 411 (1996). Defendant and his counsel simply disagreed about whether to accept the Government's plea agreement. But, as counsel acknowledges, such a decision was ultimately one for defendant to make. The record shows that counsel fully advised defendant about his concerns regarding the government's actions and the effect of pleading guilty. Indeed, defendant expressed satisfaction with this attorney.
 
 
 5
 The record contains no evidence of Government wrongdoing or prejudice of any sort to Sizemore. The judgment of conviction therefore is affirmed.
 
 
 
 *
 The Honorable Ellsworth A. Van Graafeiland, United States Circuit Judge for the Second Circuit, sitting by designation