28 F.3d 1212
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry Oliver SCHULTZ, Defendant-Appellant.
 No. 93-5249.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 8, 1994.
Decided June 9, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. Malcolm J. Howard, District Judge. (CR-92-37-3)
 J. Michael McGuinness, McGuinness & Parlagreco, Salem, Mass., for appellant.
 J. Douglas McCullough, U.S. Atty., John Howarth Bennett, Asst. U.S. Atty., Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before WILKINS and WILLIAMS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Larry Oliver Schultz appeals from his conviction and sentence for armed bank robbery in violation of 18 U.S.C.A. Sec. 2113(a), (d) (West 1991 & Supp.1993) and aiding and abetting the use of a firearm during and in relation to a crime of violence in violation 18 U.S.C.A. Sec. 924(c)(1) (West Supp.1993). Schultz argues that the district court abused its discretion in denying his motions to suppress and for a continuance. Schultz also alleges that the district court erred in failing, based on its belief that it did not have the appropriate authority, to grant a downward departure and in sentencing him to the mandatory consecutive twenty-year sentence when the firearms convictions were contained in a single indictment. Finding no error, we affirm Schultz's conviction and sentence.
 
 I.
 
 2
 After the district court denied Schultz's motion to suppress statements made to Special Agent Strong, Schultz pled guilty to two counts of bank robbery and two counts of aiding and abetting the use of a firearm during and in relation to a crime of violence.[1] Under the agreement, Schultz waived all rights to appeal whatever sentence was imposed and only reserved the right to appeal upward departures from the Guidelines range.
 
 
 3
 Schultz's sentencing hearing began on January 18, 1993. However, the district court continued the hearing to consider "a way to get more parity in this circumstance." When the hearing continued on February 18, 1993, Schultz moved to continue his sentencing in order to obtain a new attorney. Finding that Schultz had plenty of opportunity to retain additional counsel and that there had been no notice of appearance, the district court denied the motion. The district court sentenced him to an aggregate sentence of three hundred forty-one months.
 
 II.
 
 4
 Schultz questions the district court's denial of his motion to suppress. However, by pleading guilty without reserving his right to appeal under Fed.R.Crim.P. 11(a)(2), Schultz waived all antecedent nonjurisdictional claims. See Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Pickett, 941 F.2d 411, 416-17 (6th Cir.1991). Because Schultz could have reserved the right to appeal this issue with approval of the court and consent of the government, his failure to include such a reservation waived all objections to the statements. Accordingly, we refuse to review this claim.[2]
 
 III.
 
 5
 The record belies Schultz's contention that the district court believed that it did not have authority to grant a downward departure. The district court assumed that it had authority to grant a downward departure but declined to do so because the evidence did not justify such a departure. Given that the court was aware of its authority to depart, we will not review the district court's refusal to depart. United States v. Bayerle, 898 F.2d 28, 30 (4th Cir.), cert. denied, 498 U.S. 819 (1990).
 
 IV.
 
 6
 Schultz also argues that he should not have been sentenced to a consecutive twenty-year sentence upon his guilty plea to Count Six because the convictions were contained in a single indictment. Because a conviction on a second firearms count, although charged in the same indictment as the first, gives rise to the enhanced sentence, Deal v. United States, 113 S.Ct.1993, 1996 (1993); United States v. Raynor, 939 F.2d 191, 193-94 (4th Cir.1991), we affirm.
 
 V.
 
 7
 Schultz argues that the district court erred in denying his motion for a continuance. In reviewing the matter for an abuse of discretion, United States v. Johnson, 732 F.2d 379, 381 (4th Cir.), cert. denied, 469 U.S. 1033 (1984), we find no error. Schultz requested a continuance of his second sentencing hearing to secure new counsel at the beginning of the hearing. On December 26, 1992, Schultz wrote Judge Howard and expressed that he was dissatisfied with his attorney. Schultz's sentencing hearing began on January 18, 1993 and was continued on February 18, 1993. For over six weeks, Schultz did not obtain counsel. Instead he waited until the scheduled hearing to argue the he was going to obtain new counsel. Under these circumstances, we find no abuse of discretion in denying the continuance.
 
 
 8
 Schultz's allegations of error are meritless. Accordingly, we affirm the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Schultz was charged in a six-count federal indictment with conspiring to commit armed bank robbery in violation of 18 U.S.C. Sec. 371 (1988), bank robbery, and aiding and abetting the use of a firearm during and in relation to a crime of violence
 
 
 [2]
 We do not address Schultz's argument on appeal that the ineffectiveness of his attorney excuses his default. We only review such claims on direct appeal in exceptional circumstances, see United States v. DeFusco, 949 F.2d 114, 120 (4th Cir.1991), cert. denied, 60 U.S.L.W. 3717 (U.S.1992), and none are present here. Schultz is free to raise his ineffective assistance claim in a 28 U.S.C. Sec. 2255 (1988) motion