38 F.3d 1217
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Desmond S. NELSON, Michael A. Davis, Defendants-Appellants.
 Nos. 93-4101, 93-4114.
 United States Court of Appeals, Sixth Circuit.
 Oct. 24, 1994.
 
 Before: KENNEDY, WELLFORD, and NELSON, Circuit Judges.
 WELLFORD, Circuit Judge.
 
 
 1
 Defendants, Desmond Nelson and Michael Davis, pleaded guilty to charges of conspiracy to distribute more than five grams of crack cocaine. Their arrests for cocaine distribution arose out of dealings with Columbus undercover police officer Kulis. They were also charged with a number of substantive offenses of distribution of crack cocaine. The conspiracy charge to which defendants filed their guilty plea also contained this language:
 
 
 2
 It was further a part of this conspiracy that on April 13, 1991, DESMOND SAM NELSON and MICHAEL ANTHONY DAVIS asked the person known to the grand jury [Kulis] to acquire firearms so that DESMOND SAM NELSON and MICHAEL ANTHONY DAVIS could "take care of business," in violation of 21 U.S.C. Sec. 846.
 
 
 3
 The dates of the conspiracy began in August of 1990 and continued to April 24, 1991, according to the indictment. Defendants have challenged the sentences imposed upon them, particularly the enhancement with respect to the above firearm language included in the count one conspiracy charge. We entered a previous decision, and an amended decision, in this case dealing with that aspect of the sentencing. See 983 F.2d 1070 (6th Cir.), modified on rehearing, 996 F.2d 1218 (6th Cir.1993) (unpublished). In the first opinion, we remanded for further resentencing of defendant Davis, and in the second, remanded "for resentencing ... to ascertain and set out the basis, if any, for any firearm adjustment as to Nelson and/or Davis." See Nos. 92-3168/3195, 1993 WL 185185, at * 2 (6th Cir. May 28, 1993).
 
 
 4
 The basis for the amended opinion was our mistake in the original decision in identifying Davis as the party who "raised an assignment of error with respect to the possession of a firearm component of his sentence."[1] Id. at * 1. Nelson, in fact, made this assignment of error and Davis did not. The plea of guilty was entered by Davis to the conspiracy charge, not the substantive drug offenses. Nelson also pleaded guilty to several substantive charges. The conspiracy charge made reference to acquisition of crack cocaine for distribution, an offer to distribute a kilogram of crack on April 12, 1991, an attempt to conceal their latter effort, and on April 13, 1991, asking the undercover agent to acquire a firearm for them. Id.
 
 A. NELSON
 
 5
 We previously expressed uncertainty about the district court's basis for the firearm adjustment to Nelson's sentence. Upon remand, the district court has fully explained the rationale for the firearm enhancement. The district court found that Nelson furnished Davis a weapon shortly before the first overt act alleged in the indictment, and Nelson was arrested with this weapon. The sentencing judge found that both defendants, during the period of the conspiracy, "were disposed to using weapons to further their drug conspiracy."
 
 
 6
 We find no error in the district court's determination. See United States v. Moreno, 899 F.2d 465, 470-71 (6th Cir.1990); see also United States v. Medina, 992 F.2d 573, 592 (6th Cir.1993) ("housing of guns in [defendant's] apartment during the course of the [drug] conspiracy sufficiently links defendant to the weapons," and justified weapon enhancement),[2] cert. denied, 114 S.Ct. 1049 (1994).
 
 
 7
 We accordingly AFFIRM the firearms enhancement component of Nelson's sentence.
 
 B. DAVIS
 
 8
 For the reasons stated by the district court upon remand, we also find no error in the firearms enhancement component of Davis' sentence. In addition, because Davis did not specifically raise this issue on the original appeal, we now entertain serious doubt that we properly should consider his contention in this regard. Moreover, even if Davis himself were not shown to have possessed a weapon during the overt act episodes specifically mentioned in count one, we are satisfied that the bounds of the conspiracy charge encompass a basis for the firearm enhancement as to Davis.
 
 
 9
 Like the district court, we find no merit in the other sentencing issues raised by defendant Davis on remand. There is evidence to support the finding that Davis was "a significant player in the conspiracy," and the finding of the district court as to the quantity of drugs involved in the conspiracy. The quantity involved "was within the scope of Davis' participation." Finally, there was no error in the finding that "the multiplication of weight given to crack as opposed to powder cocaine is not a basis for departure." See United States v. Williams, 962 F.2d 1218, 1227 (6th Cir.), cert. denied, 113 S.Ct. 264 (1992); United States v. Pickett, 941 F.2d 411, 417 (6th Cir.1991); United States v. Levy, 904 F.2d 1026, 1034 (6th Cir.1990), cert. denied, 498 U.S. 1091 (1991).
 
 
 10
 We, therefore, AFFIRM the sentencing judgment as to both defendants and find no error in the district court's statement of reasons for imposing sentence after the remand.
 
 
 11
 We will REMAND, however, for the sole purpose of directing a resentencing to take into account the additional one point reduction for acceptance of responsibility applicable at the time of the resentencing on September 27, 1993, to each defendant.
 
 
 
 [1]
 Nelson, not Davis, claimed "that the determination that he possessed a firearm during the commission of the crime was clearly erroneous." Id
 
 
 [2]
 See also United States v. Sanchez, 928 F.2d 1450, 1459 (6th Cir.1991) (holding a weapon possession enhancement to be proper if the government demonstrates that some member of the conspiracy possessed a weapon and that the possession of the firearm was reasonably foreseeable by other members of the conspiracy), cited in Medina, 992 F.2d at 592