70 F.3d 1273
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary V. BULLARD, Defendant-Appellant.
 No. 95-5312.
 United States Court of Appeals, Sixth Circuit.
 Nov. 17, 1995.
 
 Before: ENGEL, MILBURN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Gary V. Bullard appeals his sentence of imprisonment entered on his plea of guilty to being a felon in possession of a firearm in violation of 18 U.S.C. Secs. 922(g)(1) & 924(a)(2) and possessing marijuana with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1). The district court sentenced Bullard to 156 months of imprisonment and five years of supervised release. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In this timely appeal, Bullard's counsel has filed a motion to withdraw his representation and a brief in compliance with Anders v. California, 386 U.S. 738 (1967). Bullard has not filed a response to his counsel's motion to withdraw. Before the motion to withdraw was filed, however, Bullard filed a letter in which he indicated that he was dissatisfied with counsel and requested a replacement. Bullard did not claim, however, that he and defense counsel had irreconcilable differences or that counsel suffered from a conflict of interest. Bullard's sole argument is that the district court did not understand that it had the power to depart downward from the guidelines under USSG Sec. 5K2.13 and that the district court's failure to understand its own power requires a remand for consideration of the downward departure.
 
 
 3
 Upon review, we conclude that the district court's decision not to depart downward is not subject to review. In general, an appellate court is without jurisdiction to review a decision not to effect a downward departure. United States v. Pickett, 941 F.2d 411, 417 (6th Cir.1991). Nonetheless, a refusal to depart downward may be reviewed if the district court incorrectly believed that it could not consider a defendant's mitigating circumstances and exercise discretion to depart under the guidelines. United States v. Landers, 39 F.3d 643, 649 (6th Cir.1994); United States v. Griffith, 17 F.3d 865, 882 (6th Cir.), cert. denied, 115 S.Ct. 149 (1994). Where there is no such error, however, and the sentence is otherwise lawful, the failure to depart is not subject to review. United States v. Davis, 919 F.2d 1181, 1187 (6th Cir.1990). The record in this case does not reveal the slightest indication that the district court incorrectly believed that it could not consider mitigating circumstances. Thus, the district court committed no error, and the sentence is otherwise lawful. Therefore, the district court's decision not to depart downward is not subject to review under 18 U.S.C. Sec. 3742(a).
 
 
 4
 We have further examined the record in this case, including the transcripts of Bullard's plea and sentencing, and conclude that no reversible error is apparent from the record. The appointment of new counsel is not warranted under the circumstances of this case.
 
 
 5
 Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.