NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0163n.06

No. 11-5657

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Feb 13, 2013**
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| **Plaintiff-Appellee,** | : | |
| | : | **ON APPEAL FROM THE** |
| v. | : | **UNITED STATES DISTRICT** |
| | : | **COURT FOR THE WESTERN** |
| | : | **DISTRICT OF TENNESSEE** |
| ANDRE FIELDS | : | |
| | : | |
| **Defendant-Appellant.** | : | |

BEFORE:  MOORE and COOK, Circuit Judges; BERTELSMAN, District Judge.[*]

OPINION

PER CURIAM:

Defendant-Appellant Andre Fields ("Fields") appeals the District Court's denial of his motion to suppress.

Because the District Court did not clearly err in finding the officers had consent to enter the hotel room, and Fields failed to raise the issue of consent to search his vehicle before the District Court, we **AFFIRM**.

---

[*] The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

I.

In reviewing the denial of a motion to suppress, this Court reviews findings of fact for clear error and conclusions of law de novo. *United States v. Dillard*, 438 F.3d 675, 680 (6th Cir. 2006) (citation omitted).

II.

Fields argues that the District Court clearly erred in crediting the testimony of Officers David Ballard and Chris Harris as their testimony was "so internally inconsistent or implausible on its face that a reasonable fact-finder would not credit it." *United States v. Haynes*, 301 F.3d 669, 679-80 (6th Cir. 2002) (quotations and brackets omitted). Thus, Fields argues, the District Court improperly found that Ballard and Harris received consent to enter Fields' hotel room.

However, in reviewing all the evidence in the light most likely to support the District Court's decision, *Dillard*, 438 F.3d at 680, the inconsistencies pointed out by Fields do not establish that the District Court clearly erred in crediting the officers' testimony.

"Where there are two permissible views of the evidence, the fact-finder's choice between them cannot be clearly erroneous." *See Anderson v. City of Bessemer City*, 470 U.S. 564, 574, 105 S. Ct. 1504, 84 L.Ed.2d 518 (1985). The District Court was "in the best position to judge credibility," *United States v. Bradshaw*, 102 F.3d 204, 210 (6th Cir. 1996), and "this Court accords great deference to such credibility determinations." *United States v. Navarro–Camacho*, 186 F.3d 701, 705 (6th Cir. 1999).

Since the officers' testimony was not internally inconsistent or implausible, the District Court's decision to credit the officers' testimony over the testimony of another witness cannot be

considered clearly erroneous. Thus, the District Court did not clearly err in finding that the officers received consent to enter Fields' hotel room.

III.

Fields also argues that his consent to search his vehicle was not freely and voluntarily given. Additionally, Fields asserts that his further statements to the officers and a subsequent search of his home were tainted by the unlawful search of his vehicle under the fruit of the poisonous tree doctrine. However, Fields failed to raise these arguments before the District Court. As such, these arguments are not properly before this Court.

Fields initially requests this Court to find that this argument was implicit in his argument before the District Court that there was no consent to enter or search his hotel room. However, not only is this argument not implicit in any of Fields' motions prior to the District Court's Order, he also failed to address it in his Motion for Reconsideration before the District Court.

This Court generally does not consider issues or arguments raised for the first time on appeal. *See, e.g., United States v. Pickett*, 941 F.2d 411, 415 (6th. Cir. 1991). However, although the exceptions are narrow, this Court has declined to follow this practice in "exceptional cases or particular circumstances or when the rule would produce a plain miscarriage of justice." *Pinney Dock & Transport Co. v. Penn Cent. Corp.*, 838 F.2d 1445, 1461 (6th. Cir. 1988) (internal quotation and further citation omitted).

The Court will review the issue if it "is presented with sufficient clarity and completeness and its resolution will materially advance the progress of [] already protracted litigation." *Id*. (further citation omitted). The *Pinney Dock* exception is most commonly applied where the issue is one of

3

law and further development of the record is unnecessary. *Foster v. Barilow*, 6 F.3d 405, 407 (6th Cir. 1993).

These issues are highly fact-specific and addressing these issues will not "materially advance the progress of [] already protracted litigation." *Pinney Dock*, 838 F.2d at 1461. Additionally, these arguments are not the product of new law or precedent which would alter the District Court's conclusions. Lastly, Fields does not claim that these issues arise out of newly discovered facts or circumstances.

Therefore, since Fields did not raise these arguments before the District Court, these arguments are not properly before this Court.

IV.

For the foregoing reasons, we **AFFIRM**.